(No. 39090.—)

COLUMBIA QUARRY CO., Appellant, *vs.* THE DEPARTMENT OF REVENUE *et al.,* Appellees.

*Opinion filed January 25, 1966.*

WALTER ROOS and WILLIAM C. CONNETT IV, both of St. Louis, Missouri, and RANDALL ROBERTSON, of Granite City, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and EDWARD A. BERMAN, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In this administrative review action, we are asked to determine the consequences under the Retailers' Occupation Tax Act of a sale of limestone to a steel company. The central issue is whether the sale was one "for use or consumption and not for resale" so that it qualifies as a "sale at retail" under the act. (Ill. Rev. Stat. 1961, chap. 120, par.

440.) The circuit court of Sangamon County affirmed a determination by the Department of Revenue that the plaintiff, Columbia Quarry Company, was liable for a tax measured by the full sale price of the limestone. As the revenue is involved, the case is properly here on the plaintiff's direct appeal.

We have carefully examined the record but find ourselves unable to resolve the issues presented without further findings of fact. We therefore vacate the judgment and remand the cause to the Department of Revenue with directions to conduct an additional hearing, make appropriate findings, and, if necessary, redetermine the plaintiff's claim for credit.

Our decisions construing the Retailers' Occupation Tax Act "have not regarded a single sale as an indivisible unit, but instead have held that taxability turned upon the uses to which the property was put." (*Granite City Steel Co.* v. *Department of Revenue,* 30 Ill.2d 552, 559.) In this case, testimony concerning the functions that the limestone performs after its sale was given by J. Russell Britt, Director of Research and Products Development at the Granite City Steel Company, the plaintiff's customer.

Britt testified that limestone is 55 per cent lime, or CaO, and that the remaining 45 per cent is $CO_3$ [$CO_2$?]. The limestone is used as a fluxing agent in two of Granite City's operations: it removes impurities from iron ore in the manufacture of pig iron and from pig iron in the manufacture of steel. In each operation, the lime from the limestone emerges from Granite City's furnaces as a component of slag, a by-product which Granite City sells. The record contains virtually no evidence, however, concerning the disposition of the $CO_3$ [$CO_2$?].

In his testimony, Britt, referring to the process by which pig iron is converted into steel, declared: "There is a considerable amount of iron oxide that goes to the bottom of the furnace in the melting down of scrap, along with the

iron ore and the $CO_2$ from the limestone, that reacts immediately with the carbon in the iron." This statement indicates clearly that the lime and the carbon dioxide are separated in the steel company's processes, but it does not indicate the disposition of the carbon dioxide that was present in the limestone which Granite City purchased. Whether it is subsequently resold as a gas, used by Granite City or discarded as waste, is not shown by the record.

The Administrative Review Act provides: "The Circuit Court shall have power: * * * (g) where a hearing has been held by the agency, to remand for the purpose of taking additional evidence when from the state of the record of the administrative agency or otherwise it shall appear that such action is just." (Ill. Rev. Stat. 1965, chap. 110, par. 275(1)(g).) Although this provision is directed explicitly to the circuit courts, the Civil Practice Act establishes that this court possesses an identical power: "In all appeals the reviewing court may, in its discretion, and on such terms as it deems just, * * * (e) Give any judgment and make any order which ought to have been given or made, and make any other and further orders and grant any relief, including a remandment, * * * that the case may require." Ill. Rev. Stat. 1965, chap. 110, par. 92(1)(e).

The issue in this case is an important one, and our decision should be based upon a full and accurate record. We therefore vacate the judgment of the circuit court and remand the action to the Department of Revenue, with directions to conduct a hearing on the disposition of the limestone after its purchase by the steel company. The Department should make appropriate findings of fact and render any decision that the evidence requires.

*Vacated and remanded.*